■ C & L WELL DRILLING, INC., Appellant, v TOWN OF BEEKMANTOWN et al., Respondents. [663 NYS2d 373] —Crew III, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered April 2, 1996 in Clinton County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In 1974, defendant Town of Beekmantown enacted the "Town of Beekmantown Town Mobile Home and Travel Trailer Ordinance" (hereinafter the Mobile Home Ordinance) which provided, in relevant part, that it was unlawful to "maintain, substantially alter, extend, relocate or operate a travel trailer camp or mobile home park" without a permit (Mobile Home Ordinance § 5.2). Thereafter, in 1987, the Town enacted Local Laws, 1987, No. 1 of the Town of Beekmantown entitled "Administration and Enforcement of the New York State Fire Prevention and Building Code" (hereinafter the Building Code), pursuant to the terms of which "[n]o building or construction [could] begin except pursuant to a building permit issued by the Enforcement Officer" (Building Code § 4.1).[1]

Following the issuance of a permit to plaintiff in July 1989, some confusion apparently developed as to whether plaintiff had been issued a mobile home permit, which in accordance with the Mobile Home Ordinance was subject to annual renewal, or a building permit, which under the Building Code required only that construction commence within six months of the issuance of the permit. Ultimately, defendant Town of Beekmantown Planning Board advised plaintiff at its June 13, 1991 meeting that it viewed plaintiff's permit as having been issued under the Mobile Home Ordinance. Finding that plaintiff had neglected to renew the permit in accordance with the terms of that ordinance, the Planning Board concluded that the permit had lapsed and, hence, was no longer valid.

Notwithstanding the Planning Board's determination in this regard, plaintiff apparently viewed the status of his permit as unresolved and moved forward with his proposal to construct a mobile home park. Thereafter, in April 1995, plaintiff com-

---

1. It appears that both the Mobile Home Ordinance and the Building Code have since been superseded by Local Laws, 1990, No. 3 of the Town of Beekmantown.

menced this declaratory judgment action seeking, *inter alia*, a declaration that the permit in question was issued pursuant to the Town's Building Code and remained in full force and effect. Following joinder of issue, defendants moved for summary judgment and plaintiff cross-moved for similar relief. Supreme Court granted defendants' motion, denied plaintiff's cross motion and dismissed the complaint. This appeal by plaintiff followed.

We affirm. Although the parties continue to debate whether plaintiff's permit was issued under the Mobile Home Ordinance or the Building Code, this issue need not detain us as the record makes clear that the instant action is time barred. A review of the minutes of the Planning Board's June 13, 1991 meeting plainly reveals that plaintiff was advised at that time that defendants deemed the subject permit to be one issued under the Mobile Home Ordinance and that said permit had lapsed pursuant to the terms of that ordinance. To the extent that plaintiff contends that the minutes of the June 13, 1991 meeting fail to conclusively establish that defendants had rendered a final determination as of that date, the record clearly indicates that such notification came no later than July 1, 1993. On that date, a representative of the State Department of Environmental Conservation forwarded to plaintiff a notice that he had received from the Planning Board relating to plaintiff's project stating that "[plaintiff] does not at this time have a valid permit for a Mobile Home Park from the Town of Beekmantown". As noted previously, this action was not commenced until April 1995, well beyond the applicable Statute of Limitations (*see*, Town Law § 282; CPLR 217).[2] Accordingly, Supreme Court appropriately concluded that this action was time barred and defendants' motion for summary judgment dismissing the complaint was properly granted. In light of this conclusion, we need not address the remaining arguments advanced by plaintiff on appeal.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. To the extent that plaintiff has attempted to demonstrate that it initiated a parallel review process through the Town Board of the Town of Beekmantown, the results of which, according to plaintiff, raised some ambiguity with respect to the finality of defendants' determination, we need note only that the record on appeal does not support plaintiff's argument in this regard. Moreover, we have not considered any of the materials improperly appended to plaintiff's brief in resolving this matter.